# Dodd et al., Appellants, *v.* Stewart.

*Contract—Sales—Memorandum in writing—Sale through agent —Statute of frauds—Principal and agent—Broker—Act of May 19, 1915, P. L. 543—Parties—Amendment—Appeals.*

1. Where a sale of a yacht over $500 in value is effected through ship brokers employed by the owners and to whom they agree to pay commissions, and the purchaser subsequently repudiates the contract without having signed any memorandum in writing, or without having accepted the vessel, as required by the Sales Act of May 19, 1915, P. L. 543, a suit for the purchase price cannot be maintained against him based on a memorandum of sale made by the brokers.

2. The fact that the purchaser, before he repudiated the contract, secured plans for engines for the yacht is not in itself evidence of the delivery of the vessel and acceptance by him.

3. In such case, plaintiffs' remedy is by a suit in damages for the loss sustained by them from the failure of the buyer to carry out his undertaking.

4. If plaintiffs did not bring the suit for themselves, but for others, the record may be amended so as to make the suit appear for such parties; and this is permissible even in the appellate court.

Argued October 18, 1922. Appeal, No. 191, Oct. T., 1922, by plaintiffs, from order of C. P. Allegheny Co., Oct. T., 1920, No. 2388, refusing to take off nonsuit, in case of Allison Dodd et al. v. Glenn Stewart. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit to recover purchase price of yacht. Before CARNAHAN, J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take it off. Plaintiff appealed.

*Error assigned* was order, quoting it.

*James I. Marsh,* with him *Alexander H. Hunter,* for appellants.—The exceptions to the general rule that "No

man can serve two masters" are where the agent acts for both parties with the full knowledge or consent of both, or where he is not in such a position that he is required to use discretion for both: Barry v. Schmidt, 57 Wis. 172; Everhart v. Searle, 71 Pa. 256; P. R. R. v. Flanigan, 112 Pa. 558; Borie v. Satterthwaite, 180 Pa. 542; Shamokin Mfg. Co. v. Ins. Co., 39 Pa. Superior Ct. 553.

The rule that "No man can serve two masters" has no application to middlemen or brokers. A memorandum signed by a broker is binding on the parties and is sufficient to satisfy the statute of frauds in the Sales Act: Franklin Sugar Refining Co. v. Howell, 274 Pa. 190.

*Wm. S. Moorhead,* of *Moorhead & Knox,* with him *Wm. K. Johnson,* for appellee.—An agent endeavoring to negotiate a sale for the owners of a chattel cannot sign a note or memorandum as the agent for the purchaser enforceable against him under the statute of frauds: Gangwer v. Fry, 17 Pa. 491.

Cases holding that bought and sold notes executed by brokers satisfy the statute are not in point in the case at bar: Cannell v. Smith, 142 Pa. 25; Fulton v. Walters, 28 Pa. Superior Ct. 269.

Where an agent employed by the seller to negotiate a sale attempts to act as agent for the purchaser to negotiate a purchase, the contract so negotiated is unenforceable regardless of the statute of frauds: Rice v. Davis, 136 Pa. 439; Marshall v. Reed, 32 Pa. Superior Ct. 60.

Where an agent attempts to act for both the seller and buyer in negotiating a sale, not only is he precluded from recovering commissions, but the contract so negotiated is unenforceable: Lightcap v. Nilcola, 34 Pa. Superior Ct. 189; Everhart v. Searle, 71 Pa. 256.

An action for the purchase price does not lie in this case: Jones v. Jennings, 168 Pa. 493; Ewing v. Musser, 42 Pa. Superior Ct. 177.

OPINION BY MR. JUSTICE SADLER, January 3, 1923:

The plaintiffs owned a steamship, known as the "Starboard Unit," which had been used by the government during the war. They wished to dispose of the vessel, and requested Tams, Lemoine & Crane, a firm of ship brokers of New York, to find a purchaser. Defendant, Stewart, called on them, and, after investigation, made a bid of $27,500, which was duly communicated to the proposed vendors who agreed to accept this sum, and to pay the commissions of their agents. No definite time for the consummation of the contract was fixed, but defendant advised payment could be made on August 20th. The brokers made the offer by telegram, and it was accepted by plaintiffs in the same way, but the yacht was not delivered, as the vendee notified the sellers that he could not afford to buy. After the telegram of acceptance, Tams, Lemoine & Crane formally recognized the contract by letter to plaintiffs. Before repudiating his purchase, arrangements were made by defendant for the installation of new engines, and other alterations, but no physical possession of the boat was taken, it remaining in the shipyard in New Jersey, where it had been stored for some time. The willingness of the owners to dispose of the boat was evidenced by written communications, which passed only between them and their agents. A bill of sale was executed later, but, was not delivered, since its transfer was conditioned upon the payment of the purchase price.

Suit was brought for the consideration named, and the defendant insisted no recovery could be had by reason of the statute of frauds, there being no memorandum in writing signed by him, or on his behalf, evidencing the understanding of the parties. The cor-

respondence between Tams, Lemoine & Crane and plaintiffs was deemed insufficient by the court below to meet the requirements of the Act of 1915, since it appeared the former were employed by the latter, who obligated themselves to pay the commissions, and the brokers could not, therefore, be treated as agents of 'the defendant, and bind him by the papers which they signed. A compulsory nonsuit was entered, which the court in banc refused to take off, and this appeal is the result.

It is now insisted the middlemen were the agents of Stewart, and, when they accepted in writing, it was in this capacity, making inapplicable the bar of section 4 of the Sales Act. In view of the original employment by the plaintiffs, the sale being made at their direction, and by whom the compensation for the services rendered was to be paid, this contention cannot be sustained. The offer to buy was made through the medium of the New York firm, but it was acting for the principals, and the recognition of the contract by its subsequent correspondence could not preclude defendant from taking advantage of the statute of frauds: Wilson v. Lewiston Mill Co., 150 N. Y. 314, 44 N. E. 959; Woodruff Oil Co. v. Portsmouth Refining Corp., 246 Fed. R. 375. The agreement of defendant is not enforceable "unless some note or memorandum in writing of the contract of sale is signed by the party to be charged, or his agent in that behalf." Here, no evidence of any such action by Stewart appears, nor was it shown that the brokers had power to so bind him. Nor can we see any evidence indicating a delivery and acceptance of the yacht. The mere fact that defendant secured plans for engines deemed suitable did not show this, and bring the sale within the exception provided by the statute. No just complaint can, therefore, be made of the ruling of the court below, which so held.

Other reasons have been suggested as preventing recovery in the present case. The suit is for the purchase price agreed upon, and not for damages sustained

by reason of breach of contract by the vendee.    Under section 63 of the Sales Act, such a proceeding is permissible, though no title has been transferred, and the buyer improperly refuses to accept, if a time certain for payment has been fixed, or the article in question cannot be resold at a reasonable price, and the buyer has been notified that the goods are held as bailee.   The ownership is not ordinarily passed until there has been an actual delivery (Jones v. Jennings Bros., 168 Pa. 493), and unless this is shown, or the transaction comes within one of the exceptions referred to, the action should be for the damages sustained by the breach, and not for the consideration contemplated.   In the present case, neither of these conditions appears.   No definite period for payment was set forth in the contract here made.   Stewart hoped to be able to settle August 20th, but did not stipulate in his offer that he would do so, and, therefore, the present action for the sum agreed to be paid cannot be upheld.   The suit should have been for the loss sustained from the failure of the buyer to carry out his undertaking.

The further complaint, based on the bringing of the action in the name of the parties, then owners, but who have since disposed of their interests, is without merit. If the litigants in fact represent others, the action can be amended so as to appear for their use, and this is permissible even in the appellate court: Hewitt v. Democratic Pub. Co., 271 Pa. 546.   Subdivision 2 of section 63 of the Sales Act provides it shall be a defense, if the seller, at any time before judgment, manifests an inability to carry out the contract, but that situation was not made apparent here.

It follows from what has been said that the only assignment of error should be overruled.

The judgment is affirmed.