## Rasche & Co., Appellant, *v.* Campbell.

*Contract—Sales—Offer—Acceptance—Failure to comply with terms of offer—Sales Act of May 19, 1915, P. L. 543—Memorandum in writing—Telegram—Principal and agent—Nonsuit.*

1. Where an offer to sell goods rests on a proviso that either a letter of credit be established by the purchaser or a guarantee payment of a sum stated be fixed in a bank, and the purchaser fails to comply with these terms, no contract is consummated between the parties.

2. An agreement to sell goods of a value in excess of $500 cannot be enforced under the Act of May 19, 1915, P. L. 543, where the only memorandum of the transaction is a telegram sent by a broker not shown to be an agent of the purchaser.

Argued January 4, 1923. Appeal, No. 43, Jan. T., 1923, by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1920, No. 1509, refusing to take off nonsuit, in case of R. A. Rasche, trading as R. A. Rasche & Co., v. Joseph V. Campbell, trading as Joseph V. Campbell & Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for breach of contract of sale. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was order, quoting it.

*William M. Crowther,* for appellant.—The contract which forms the basis of the suit was entered into between brokers having authority from their principals to make such contract.

A telegram was a sufficient memorandum of the transaction: Trevor v. Wood, 36 N. Y. 307.

The broker who negotiated the sale was an agent of both parties for the purpose of making and signing a memorandum of the contract of sale: Hooper v. California, 155 U. S. 648; Culver v. Ice Co., 206 Pa. 481; Winton v. Little, 94 Pa. 64; Woodwell v. Brown, 44 Pa. 121.

*Louis Barcroft Runk,* with him *Charles Hunsicker,* for appellee.—The case is on all fours with the early case of Johnston & Lyon v. Fessler, 7 Watts 48.

OPINION BY MR. JUSTICE SADLER, January 29, 1923:

The plaintiff is a dealer in sugar, having a place of business in Cincinnati, Ohio. It employed one Thompson, to distribute its product, and he in turn came in contact with a brokerage firm, Turner Brothers, of Philadelphia. An offer was made to sell through the latter 1,000 bags of a certain kind at a fixed price. Before an acceptance by the defendant had been received, the product was otherwise disposed of, but Rasche & Company agreed to sell a like amount of another grade, and, through the local brokers, sent the following telegram: "Confirm Campbell 1000 bags American Standard Cane Granulated twenty-seven one-half net Philadelphia, provided establish irrevocable letter of credit or put up guarantee in Cincinnati Bank of three dollars per bag. ......." A telegraphic reply was made by Turner Brothers, as follows: "Campbell accepts thousand bags August shipment twenty-seven one-half net Philadelphia. Will wire you tomorrow whether he will put up guarantee three dollars per bag or establish letter credit......" It appeared from the testimony that no further steps were taken to consummate the transaction, though a request was subsequently made by the plaintiff firm to have the defendant designate which one of the alternative terms of payment named in the telegram was chosen.

Later, Rasche & Company furnished a warehouse receipt for the sugar, which it claimed defendant purchased. Acceptance having been refused, the shipment was sold in the public market, and this action was brought to recover the loss sustained. After hearing the testimony, a compulsory nonsuit was ordered, which the court refused to set aside, and judgment was entered for the defendant; as a result, we have the present appeal. Two questions are raised, both of which must be decided in favor of the appellee.

It is contended that no contract was ever consummated between the parties, and it was on this ground that the court below based its decision. It will be noted that the offer to sell rested on a proviso that either a letter of credit be established or a guarantee payment of $3 per bag be fixed in some Cincinnati bank. Neither of these suggested plans of payment was at any time accepted, and though it clearly appears there was an intention to consummate the transaction, it cannot be said that the agreement was entered into: Johnston & Lyon v. Fessler, 7 Watts 48; Pennsylvania Lubricating Co. v. Wilhelm, 255 Pa. 390; Hutchinson Baking Co. v. Marvel, 270 Pa. 378. There was an attempt to reach an understanding between the parties, but no completion of the intention, and the contemplated contract was without force, in the absence of taking other steps to bring about a meeting of the minds of those concerned. If plaintiff had refused to deliver the sugar, clearly no recovery could have been had against it because of the failure. Likewise, until the defendant had agreed, in accordance with the terms of the offer, to either furnish the letter of credit or make the deposit, it was not bound.

Even had Martin, the agent of Turner Brothers, of Philadelphia, stipulated to buy without restriction as to terms, by the telegram which he sent to his employers in Cincinnati, defendant could not be held in the present proceeding, by reason of the provisions of section 4 of the Sales Act of 1915. There is nothing in the testimony

which would justify the statement that he was authorized, as agent, to sign any memorandum in writing with the vendors, on behalf of Campbell & Company, and, in the absence of such evidence, the contract price being largely in excess of $500, the agreement was unenforceable. It is unnecessary to refer to any authorities other than the recent decision of this court in Dodd v. Stewart, 276 Pa. 225. An examination of the testimony leads to the belief that the agents, through whom the telegram passed, were the employees of the brokers of plaintiff, rather than of the defendant. It cannot be said, from the facts appearing in the record, that they were given authority to enter into any written contract to buy. Martin, who telegraphed for Turner Brothers, expressly testified he was not acting for either party; and declared that he had obtained from the plaintiff a commission for his services, which sum it attempted to recover from defendant in the present suit.

The one assignment of error is therefore overruled and the judgment is affirmed.