# Hill v. Marcus & Holtzman, Appellant.

*Sales—Memorandum in writing—Sales Act of 1915, P. L. 543, section 4.*

In an action of assumpsit to recover damages for breach of contract, it appeared that the plaintiff had sold to the defendants a carload of eggs through the agency of a produce broker. It further appeared that the broker had asked the defendants if they could use a carload of eggs at a certain price and had been told that they would take a carload if he could get them at the price named. The brokerage company thereupon telegraphed the plaintiff to ship the defendants a carload of eggs at 51 cents a dozen and received a telegram the same day from the plaintiff confirming the order. The brokerage company thereupon telephoned defendants that plaintiff had accepted the order and telegraphed the plaintiff confirming the sale. Subsequently the defendants refused to accept the shipment and the eggs were sold in the open market at a loss.

*Held,* that the brokerage company effecting the sale acted as the agent of the defendants, and that there was a sufficient memorandum in writing signed in their behalf to make the contract enforceable within the fourth section of the Sales Act.

Argued April 23, 1923. Appeal, No. 27, April T., 1923, by defendant, from judgment of C. P. Allegheny Co., April T., 1922, No. 74, refusing appeal from judgment of county court in the case of R. S. Hill, doing business as Hill Produce Company, for use of J. T. Taylor Brokerage Company, v. A. B. Marcus and M. Holtzman, Copartners doing business as A. B. Marcus Company. Before Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ. Affirmed.

Petition to allow an appeal from judgment of county court. Before Drew, J.

The facts are stated in the opinion of the Superior Court.

The court refused to allow the appeal. Defendant appealed.

314, (1923).] Assignment of Error—Opinion of the Court.

*Error assigned* was the order of the court.

*Mortimer B. Lesher,* for appellant.

*C. K. Robinson,* for appellee.

OPINION BY KELLER, J., July 12, 1923:

Action in assumpsit in the County Court of Allegheny County for damages from breach of contract. Trial by a judge without a jury. Finding and judgment for plaintiff. Defendants appeal from the order of the court of common pleas refusing an appeal from the county court.

The case depends on whether there was a sufficient memorandum in writing, signed by the defendants' agent, to make the contract enforceable within section 4 of the Sales Act of 1915, P. L. 543; and this, in turn, depends on whether J. T. Taylor Brokerage Company, who negotiated the sale and signed the memorandum of contract, was the defendants' agent in that behalf. The judge who heard the case found that it was; and we are not satisfied that his finding was not supported by the evidence: N. Y. & Pa. Co. v. N. Y. Cent. R. R., 267 Pa. 64, 74.

The evidence would support the following findings, (using for technical trade terms, their undisputed meaning) : J. T. Taylor Brokerage Company was a produce broker in the City of Pittsburgh. It was not in the regular employ of either of the parties to this action. It negotiated the sale of a carload of eggs from the plaintiff, who was in the produce business at Lebanon, Tenn., to Armour & Co., at fifty-one cents per dozen, f. o. b. shipping point. With this knowledge of the market conditions, a representative of the brokerage company on February 1, 1921, approached defendants, (who were in the produce business at Pittsburgh), and inquired whether they wanted a car of eggs, at the same price, if he could get them from plaintiff. He had not been authorized or instructed by the plaintiff to offer such car

and there is no evidence that plaintiff had, at the time, a car of eggs for sale. Defendants told Taylor's representative that they would take a 200-case car if he could get them at the price named. The brokerage company, thereupon, telegraphed plaintiff to ship defendants a 200-case car of eggs at fifty-one cents a dozen f. o. b. shipping point; and received a telegram the same day from the plaintiff confirming the order, "to-day shipment." The brokerage company thereupon telephoned defendants that plaintiff had accepted the order, and telegraphed plaintiff confirming the sale. To fill the order, plaintiff bought the eggs from a dealer at Columbia, Tenn., and ordered them shipped to Pittsburgh; and, attaching the bill of lading to a sight draft on the defendants, forwarded both, through his bank, to Pittsburgh. He also sent defendants an invoice of the sale and notified the brokerage company to be on the lookout for the eggs, giving the number, etc., of the car in which they were shipped. The car arrived at Pittsburgh, in due course, on the evening of Sunday, February 6th, and was refused by defendants the next day, Monday, February 7th. The eggs were sold on February 10th at current prices, but at a loss.

The recital of these facts justifies, in our opinion, the finding of the trial judge that the brokerage company, in effecting the sale, acted as the agent of the defendants, and that there was a sufficient note or memorandum in writing, signed on their behalf, to make the contract enforceable within the 4th section of the Sales Act. The fact that the broker, in accordance with the custom of the trade, was paid its commission by the seller, did not, of itself, prevent its acting on behalf of the buyers and binding them by a note or memorandum signed on their behalf. Where brokers act on behalf of both buyer and seller and evidence the transaction by formal "bought and sold notes," the commission is ordinarily paid by the seller; but that does not prevent the broker from being the agent for both parties, within the meaning of the

Statute of Frauds and the Sales Act: Franklin Sugar Refining Co. v..Howell, 274 Pa. 190, 193; Butler v. Thomson, 92 U. S. 412; Roach v. Lane, 226 Mass. 603, 116 N. E. 470; Kinney v. Horwitz, 93 Conn. 211, 105 Atl. 438; Edmunds v. Cochrane, 226 S. W. (Mo.) 1011; Graves v. Legg, 2 H. & N. 210.

The case is easily distinguished from Dodd v. Stewart, 276 Pa. 225, as there the sellers employed the brokers to find a purchaser and hence they were acting as agents for the sellers and not the buyer; and from Rasche v. Campbell, 276 Pa. 268, where no authority was given by the alleged buyer to the brokers to make the purchase for him and they were not acting as his agent in that behalf.

The telegram of defendants to plaintiff, dated February 8th, while of value in confirming the broker's testimony that he was authorized to purchase the car of eggs on behalf of defendants, was not, in itself, a sufficient note or memorandum in writing within the Sales Act, and it was not sent until after the shipment had been refused: Lippincott v. Stringer, 80 Pa. Superior Ct. 162. The delivery to the carrier was not such a receipt and acceptance by the defendants as to satisfy the requirements of the Sales Act in the absence of a note in writing: Dolan Mercantile Co. v. Marcus, 276 Pa. 404.

The case does not require further consideration. Its disposition depended on whether the J. T. Taylor Brokerage Company was acting as the agent of the defendants in making the contract of purchase and having determined the evidence sufficient to sustain the finding of the judge that it was, the order of the court of common pleas refusing an appeal must be affirmed.

Order affirmed.