**Abeles & Taussig Lumber and Tie Company, Appellant, v. Northwest Side Lumber Company, Appellee.**

**Gen. No. 30,516.**

1. Contracts—*burden of proof of compliance with contract under allegation of performance.* A party suing on a contract and alleging performance thereof can recover only on proof of performance in strict accordance with its terms.

2. Sales—*burden of proof as to conformity with contract specifications in action for damages from rejection by buyer.* In an action to recover storage, demurrage, switching and unloading charges on a carload of lumber alleged to have been sold and delivered by plaintiff to defendant, but rejected by the latter because not of the grade ordered, a judgment for defendant was proper in the absence of proof that the lumber was of the kind called for by the contract.

3. Sales—*sufficiency of evidence as to conformity with contract specifications in action for damages from rejection by buyer.* No proof that lumber rejected by a purchaser as defective was of the kind called for by the contract was supplied by testimony of a witness who stated that he examined some lumber pointed out by some man not connected with either of the parties, but that he did not know whether this was the lumber tendered by plaintiff to defendant.

4. FRAUDS, STATUTE OF—*sufficiency of memorandum of sale of car-load of lumber negotiated through broker.* Where a shipper of several cars of lumber sent to brokers at their destination transit lists covering the same, and such brokers negotiated a sale of one of such cars, delivering to the shipper and to such purchaser identical memoranda covering the transaction, and such purchaser, while subsequently rejecting the lumber because not up to specifications, did not disavow the contract but relied upon nonperformance, the transaction was not invalid under the statute of frauds, although the lumber exceeded $500 in value, the telegrams and letter of the purchaser in rejecting the shipment constituting a sufficient memorandum thereunder.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. ALBERT B. GEORGE, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1925. Affirmed. Opinion filed March 2, 1926. Rehearing denied March 15, 1926.

HERBERT A. SCHRYVER, for appellant.

BERNSTEIN, ZOLLA & BERNSTEIN, for appellee; LOUIS M. KAPLAN, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought suit to recover the contract price of a carload of lumber sold and delivered to defendant but rejected, obliging plaintiff to store the lumber and pay storage, demurrage, switching and unloading charges, in a total damage of $810.95. Upon trial by the court the judgment was against the plaintiff and it appeals.

Among other defenses the defendant pleaded that the lumber tendered by the plaintiff to it was defective and not in accordance with the agreement. The burden was on plaintiff to prove that the lumber tendered was in compliance with the terms of the contract. It is the well-settled rule that a party suing on a contract and alleging performance can recover only by proving performance in strict accordance with

the terms.    9 Cyc. 601; *Turner v. Osgood Art Color-type Co.*, 223 Ill. 629.

Only one witness undertook to testify for the plaintiff as to the condition of any lumber, but he examined only some lumber pointed out to him by some man not connected with the parties and did not know whether or not this was the lumber tendered by plaintiff to the defendant. In the absence of any proof that the lumber was of the kind called for by the contract, plaintiff cannot recover, and the finding for the defendant was proper and the judgment thereon must be affirmed.

This seems to be conceded by the plaintiff, which does not controvert the position of the defendant in this regard, but asserts that the trial court was in error in the reasons given for the finding.    If the judgment of the trial court is right on the record, it must be affirmed regardless of the soundness of the reasons given for its conclusion.    *Mulvihill v. Shaffer*, 297 Ill. 549.

In the bill of exceptions it is stated that the finding of the court for the defendant was on the ground "that there was no compliance with section 4 of the Uniform Sales Act of Illinois," and all of the brief and argument of the plaintiff and a considerable portion of that of defendant are devoted to the question touching this section of the statute.    This section provides that "a contract to sell or a sale of any goods    *    *    * of the value of five hundred dollars or upwards shall not be enforceable by action unless    *    *    *    some note or memorandum in writing of the contract of sale be signed by the party to be charged or his agent in that behalf."    Cahill's St. ch. 121a, ¶ 7.    This sale was for over $500 and the defendant contended upon the trial that it was within this statute, as no memorandum thereof was signed by it or its agent.

We are asked to give an opinion upon this, as it is important that the law applicable to such circum-

626    APPELLATE COURTS OF ILLINOIS.

Abeles & Taussig L. & T. Co. v. N. W. Side L. Co., 239 Ill. App. 623.

stances be settled in view of the large number of similar transactions of daily occurrence. We are not obliged to do this for two reasons: (1) what we might say would be *obiter dictum* in this case; and (2) our conclusion would not establish the law in any other case. However, upon the facts present we are inclined to the opinion that this case is not within the statute in question.

Plaintiff was in the lumber business in St. Louis and sent a transit list of carloads of lumber to the Botts-DeSale Lumber Company of Chicago offering these for sale. This Chicago company is a lumber brokerage firm on commission, getting lumber to sell and finding purchasers. The defendant, doing business in Chicago, ordered one car through these brokers and thereupon the brokers sent a memorandum of sale to the seller, plaintiff, and to the buyer, defendant. The memoranda were identical and contained full particulars and details as to prices, quality, etc., and a request that if for any reason this order could not be entered, to wire the broker immediately. These memoranda were signed by the broker. Plaintiff sent to the defendant an invoice of the car, containing full particulars. Defendant received the lumber and wired plaintiff to the effect that the car was refused because the lumber was not up to grade, and afterwards wrote a letter to plaintiff amplifying this reason and requesting the plaintiff to make disposition of the car, which was subsequently done by the plaintiff. Other correspondence followed, the position of the defendant being, as stated in one of the letters, "you are not going to force on us any lumber that is not up to grade."

In two comparatively recent cases in Pennsylvania it was held that middlemen are not the agents of the buyers in the sense that a memorandum signed by the brokers complies with the provisions of the statute requiring a memorandum in writing of the contract to be signed "by the party to be charged or his agent

in that behalf.'' *Dodd v. Stewart,* 276 Pa. 225, 120 Atl. 121; *Rasche & Co. v. Campbell,* 276 Pa. 268, 120 Atl. 132. There are also decisions to the contrary. In *Hobart v. Lubarsky,* 215 Mass. 528, it was held that, where a trade has been made by the acceptance of an offer, the broker is authorized by force of his employment as broker to write out and sign the bought and sold notes necessary to make the trade a binding contract under the statute of frauds. See also cases to the same effect in 4 R. C. L., sec. 10, and 9 C. J., p. 518. In *Saladin v. Mitchell,* 45 Ill. 79, it is held that under some circumstances the middleman is treated as the agent of both parties, as where he is employed to buy and sell goods and it is the custom to give to the buyer and the seller, respectively, a note of the sale in his own name as agent of each. To the same effect are *Murray v. Doud & Co.,* 167 Ill. 368; *Eau Claire Canning Co. v. Western Brokerage Co.,* 213 Ill. 561.

In the case before us the defendant, which is the party sought to be charged, both by telegram and letter assumed and acknowledged the validity of the contract as written, but asserted nonperformance by the plaintiff. If defendant had denied that it had ever bought the lumber or claimed that plaintiff's or the broker's written memorandum of the sale was incorrect, no contract could have been proven; but in the light of all the circumstances it would seem that defendant's written recognition of the terms of a contract was a sufficient memorandum. This is in accordance with the decisions in *Lawley & Son Corp. v. Buff,* 230 Mass. 21, and *Schmoll Fils & Co. v. Wheeler,* 242 Mass. 464.

We do not construe *Stein v. McKinney,* 313 Ill. 84, as in point. There the question involved was the authority of an agent to sign a contract for the sale of real estate, which contract was in its terms incomplete.

In *Chicago Metal Refining Co. v. Jerome Trading Co.,* 218 Ill. App. 333, the decision turned on whether

under the law the defendant had accepted the goods, the original contract being wholly verbal. In *Western Metals Co. v. Hartman Ingot Metal Co.*, 303 Ill. 479, the contract was oral and there was no writing stating any of its terms.

Defendant by its wire and letters based its refusal to accept the lumber upon the terms and conditions of the written memorandum of sale. It would be incongruous to permit it to invoke the conditions of this memorandum as grounds for its refusal and at the same time to assert the invalidity of such conditions.

The determination of the question is not free from difficulty, but upon the record before us we are strongly inclined to the opinion that the contract in question is without the statute of frauds. However, we rest our conclusion upon the ground first stated, and the judgment is affirmed.

*Affirmed.*

Matchett, P. J., and Johnston, J., concur.