## Johns and Weaver v. Johns et al., Appellants.

*Bonds—Estrepement bonds—Forfeiture—Recovery—Amount due.*

In an action of assumpsit for the recovery of damages for breach of the conditions of an estrepement bond, it appeared that the plaintiffs had brought an action of ejectment against the defendant for possession of a certain tract of land. In pursuance of the provisions

of the statute, a writ of estrepement was issued for the purpose of preventing waste on the land described in the writ, and a bond was executed in accordance therewith.    The defendants were then actively engaged in cutting timber upon the land.    Subsequently the plaintiffs in the ejectment suffered a non-suit and thereupon the present action was brought upon the estrepement bond.

It was established that at the time of the issuance of the writ of estrepement there remained upon the land 250,000 feet of timber which the plaintiffs were prevented from cutting.

Under such circumstances, the plaintiffs were entitled to recover the value of the timber in place, but not the prospective profits which they might have made from converting the standing timber into lumber.

Argued April 16, 1926.    Appeal No. 154, April T., 1926, by defendants, from judgment of C. P. Jefferson County, April T., 1923, No. 58, in the case of H. B. Johns and J. Weaver v. Parker Johns, Eli Johns, Ed. S. Johns, and Frank Johns.    Before PORTER, P. J. HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.    Affirmed.

Assumpsit on estrepement bond.    Before CORBET, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $2,141.44 and judgment thereon.    Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court, answers to points and refusal of defendants' motion for judgment non obstante veredicto.

*W. N. Conrad,* and with him *H. W. Rimer,* for appellants.

*Raymond E. Brown,* for appellees.

OPINION BY PORTER, P. J., July 8, 1926:

This is an action of assumpsit brought for the re-

covery of damages for breach of the conditions of an estrepement bond, executed by the defendants. The defendants had brought an action of ejectment against the present plaintiffs for recovery of the possession of a certain tract of land, and in pursuance of the provisions of the statutes in such cases made and provided, caused a writ of estrepement to issue for the purpose of preventing waste on the land described in the writ, the bond was executed in accordance with the provisions of the statutes, and the writ of estrepement was served on the present plaintiffs on the 8th of April, 1922. The defendants in that action, the present plaintiffs, were then actually actively engaged in cutting the timber upon said tract of land, having purchased the timber under a contract with one Markle, and they at once ceased operations on the tract, as by the writ commanded. On February 13, 1923, the plaintiffs in the ejectment suffered a non-suit, and thereupon the present action was brought upon the estrepement bond. The plaintiffs recovered a verdict and judgment in the court below and the defendants appeal.

The statement filed by the plaintiffs averred, in substance, that they had bought all the standing, growing and lying timber of every nature and kind situated on the tract of land, with the right and privilege to cut, manufacture and remove the same; that at the time of the service of the writ of estrepement there remained upon the land 250,000 feet of timber, which the plaintiffs had the right to cut and manufacture into lumber, under the terms of the agreement with Markle, and in its 13th, 14th and 15th paragraphs averred that under the agreement with Markle, of December 27, 1920, they were required to cut and remove said timber within eighteen months, which term ended on June 27, 1922; that said writ of estrepement was in force from April 8, 1922, to February 13, 1923; that plaintiffs were by said writ restrained and prevented from continuing

operations and deprived of the right to cut and remove said 250,000 feet of timber, by reason of the expiration of the term, of eighteen months, during which the agreement with Markle remained in force and they were thus deprived of the right to cut and remove the timber which remained on the tract. The affidavit of defense consisted of a simple denial of the averments of the statement of claim, in these respects, and was insufficient: Fulton, Farmers Assn. v. Bomberger, 262 Pa. 43. These averments in the statement of claim, which were insufficiently denied, were properly brought before the jury, by the presiding judge in the presence of counsel, as indicated by the printed record 23a and 36a, and are to be taken as admitted facts: Buehler v. U. S. Fashion Plate Co., 269 Pa. 428. The only question, under the pleadings, was the amount of damage sustained by the plaintiffs, by reason of the loss of the right to cut and remove the 250,000 feet of timber, which remained upon the tract at the time the writ of estrepement was served. The plaintiffs averred in their statement that during the time they would have cut and manufactured said timber into lumber the market value of the lumber would have been $7,000; that the cost of manufacturing said lumber during that time would have been $3,550 and that they were entitled to recover $3,450. This included the profit which it was asserted could be realized from the manufacture of the 250,000 feet of timber into lumber. The statement closed, however, with the general averment of damages in the sum of $4,000. The learned judge of the court below was of opinion that the plaintiffs were not entitled to recover for the profits which they might have realized from converting the standing timber into lumber and that the proper measure of damages was the fair value in the market of this timber as it was then during the running of the restraint of the writ, that is, the stumpage value of the standing tim-

ber, and admitted evidence as to such value. It is, therefore, not necessary for us to discuss the right of the plaintiffs to recover lost profits, to accrue from the manufacture of the timber, for they were not permitted to recover such profits. There was no question under the pleadings and evidence as to whether the plaintiffs could have cut and removed the timber during the time which under their contract with Markle they had the right to complete the operation. The pleadings and the evidence disclosed a clear right of action in the plaintiffs and the character and extent of the loss which they had sustained. They were entitled to recover the value of the right of which they had been deprived and the defendants have no just grounds of complaint of the measure of damages which the court instructed the jury to apply. The assignments of error are dismissed.

The judgment is affirmed.