## McGowan, Appellant, *v.* Lustig-Burgerhoff Company.

*Sales—Sale of goods—Memorandum—Section 4 of the Sales Act of 1915—Oral evidence—Proof of agent's authority.*

Any note or memorandum in writing indicative of the intent of the parties and being sufficiently precise to enable one to ascertain the terms of the contract, and signed by the parties to be charged, is a sufficient memorandum under Section 4 of the Sales Act of 1915, P. L. 543.

General commercial abbreviations in such memorandum may be explained by oral evidence.

The authority of an agent who signs the memorandum need not be in writing and may be shown by oral evidence.

In an action of assumpsit to recover damages resulting from defendant's refusal to receive a car of tomatoes, alleged to have been bought by defendant through a broker, acting as defendant's agent, the question of the broker's authority to act for the defendant was for the jury, where there was evidence that defendant instructed the broker to purchase the tomatoes for it and that he bought the car and signed the sales memorandum.

*Pleadings—Affidavit of defense—Insufficiency.*

An averment in a statement of claim that certain goods were sold in the open market at a stated loss, is not sufficiently denied by an averment in the affidavit of defense that the defendant had neither knowledge nor means of learning anything about the truth of the averment.

Argued March 6, 1928. Appeal No. 12, February T., 1928, by plaintiff from order of C. P., Lackawanna County, November T., 1924, No. 593, in the case of Arthur McGowan v. Lustig-Burgerhoff Company. Be-

228 McGOWAN, Appel., *v.* LUSTIG-BURGERHOFF CO.

Statement of Facts—Opinion of the Court. [93 Pa. Superior Ct.
fore HENDERSON, KELLER, LINN, GAWTHROP and CUN-
NING, JJ. Reversed.

Assumpsit to recover damages resulting from de-
fendant's refusal to receive a car of tomatoes alleged
to have been bought by defendant through a broker.
Before WATSON, J.

The facts are stated in the opinion of the Superior
Court.

The court directed a verdict for the defendant.
Plaintiff appealed.

*Error assigned,* among others, was the directed
verdict.

*George Morrow,* and with him *Lee P. Stark,* for ap-
pellant, cited: Mason-Heflin Coal Co. v. Currie, 270
Pa. 221; Hill v. Marcus & Holtzman, 81 Pa. Superior
Ct. 314; Buehler v. U. S. Fashion Plate Co., 269 Pa.
428; Fulton Farmers Ass'n. v. Bomberger, 262 Pa. 43;
Franklin Sugar Refining Co. v. Hanscom Bros., 273
Pa. 98; Gurdus v. Phila. Nat'l Bank, 273 Pa. 110;
Johns & Weaver v. Johns et al., 88 Pa. Superior Ct.
47.

*Stanley F. Coar,* and with him *David J. Reedy,* for
appellee, cited: Mfrs. Light & Heat Co. v. Lamp, 269
Pa. 517; Franklin Sugar Refining Co. v. Howell, 274
Pa. 190; Paturzo v. Ferguson, 280 Pa. 379.

OPINION BY LINN, J., April 16, 1928:

Plaintiff sued for damages resulting from defend-
ant's refusal to receive a car of tomatoes alleged to
have been bought by defendant through a broker, Stan-
ley, acting as defendant's agent. When the tomatoes
arrived at Scranton, defendant rejected them as not
of the quality and condition purchased. The defense
was two-fold: (1) that the defendant bought of Stanley
as principal, and not of plaintiff through Stanley's

agency; (2) that in any event the sale memorandum signed by Stanley was insufficient to charge defendant under section 4 of the Sales Act of 1915 P. L. 543.

The trial judge directed a verdict for defendant on the ground that section 4 barred recovery. That action, and the exclusion of an item of evidence on damages, are assigned error. The pertinent part of section 4 is as follows: ''A contract to sell or a sale of goods......of the value of $500 or upwards shall not be enforceable by action unless......some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf.''

There was oral evidence, sufficient, if believed by the jury, to support a finding that an authorized officer of defendant corporation instructed Stanley at Pittsburgh to purchase for defendant a car of tomatoes then in Pittsburgh on specified terms and conditions for shipment to defendant in Scranton; that Stanley, as defendant's agent bought the car which had been the subject of the instructions given to him over the telephone and signed a sales memorandum. While defendant offered evidence denying the position taken in plaintiff's case, it was the duty of the jury to whom the evidence should have been submitted, to find the fact.

The sales memorandum is as follows:

''Arthur F. McGowan,
21st & Pike Sts., Pittsburgh, Pa.
May 20, 1924.

P F E 20920.   1008 ct. Tomatoes, at $2.40 crate, Pitts.

Inspected and accepted for Lustig-Burgerhoff Co., Scranton, Pa.

To be shipped to same with all vents closed and plugs in.
Stanley Brokerage Co., J. J. Stanley.''

Though not signed by the defendant the "party to
be charged," the evidence would support a finding
that it is signed by defendant's "agent in that be-
half." It is true that the authority of the agent to
sign for the defendant was not in writing. While the
Act of March 21, 1722, 1 Sm. L. 389, relating to sale,
etc. of land requires the authority of the agent in
writing, section 4 of the Sales Act does not expressly
require it in the sale of goods. We are of opinion
that although the decisions in other states are not
in accord on the subject, written authority in the
agent is not essential: this conclusion was assumed
without discussion in Rasche v. Campbell, 276 Pa.
268, at 271, and in Hill v. Marcus et al., 81 Pa. Superior
Ct. 314; see generally 25 R. C. L. Sec. 324 p. 685; 27
C. J. Sec. 372, p. 295; Bay State Milling Co. v. Saginaw
Baking Co., 225 Mich. 557; Dusenberry, Inc. v. Import
Drug Co., 253 Mass. 368.

It is argued however, that if the evidence of the
agency be sufficient to go to the jury the writing is
nevertheless insufficient. The decisions are against
that view. No particular form of words is necessary.
"Any note or memorandum in writing indicative of
the intent of the parties, and being sufficiently precise
to enable one to ascertain the terms of the contract,
and signed by the party to be charged is sufficient":
Mason-Heflin Coal Co. v. Currie, 270 Pa. 221; see too
Mfrs. Light & Heat Co. v. Lamp, 269 Pa. 517; Hill v.
Marcus, 81 Pa. Superior Ct. 314; Franklin Sugar Ref.
Co. v. Howell, 274 Pa. 190; Paturzo v. Ferguson, 280
Pa. 379, 384.

The writing is signed on behalf of the buyer who
is sought to be charged; it is addressed to the seller,
the plaintiff; the subject of the sale and the quantity
and the price plainly appear as "1008 ct. tomatoes
at $2.40 crate, Pitts." If any merchant in the busi-
ness had any doubt (this court considers it free from
doubt) that "P F E 20920" were the initials and num-

ber of a freight car that contained the tomatoes, the abbreviation may be explained by oral evidence (Williston on Sales, 2d Ed. Vol. 1, Sec. 102) without contravening the rule that omitted terms essential to a contract may not be so supplied. The same is true of the abbreviation "Pitts." Customary commercial understanding declares that in a transaction recorded as this was, the price is payable f. o. b. Pittsburgh.

If the jury accept plaintiff's view that Stanley was authorized to act for defendant, it will be noted that the writing states that the car was "inspected and accepted for Lustig-Burgerhoff Co., Scranton, Pa.," the defendant, by Stanley for shipment to Scranton. There was no delay in transportation. Complaint is made that in shipping to Scranton, plaintiff consigned the car to himself on an order-notify bill of lading. Defendant received the shipping documents promptly but declined to accept the sight draft because of the condition of the tomatoes. As no terms of credit are stated in the writing, the transportation was for cash, and the method of collection pursued is well recognized: section 20, Sales Act, 1915 P. L. 549.

We must also sustain the assignment complaining in substance that the court refused to permit plaintiff to put in evidence an undenied paragraph of the statement of claim averring a sale in the open market at a stated loss. The denial in the affidavit of defense was insufficient, merely a statement that defendant had neither knowledge nor means of learning anything about the truth of the averment; Buehler v. Fashion Plate Co., 269 Pa. 428; Franklin Sugar Ref. Co. v. Hanscom, 273 Pa. 98; Johns et al v. Johns, 88 Pa. Superior Ct. 47.

Judgment reversed and new trial awarded.