## Gillman v. Dektor

*J. Herman Kahn,* for plaintiff.
*John C. Noonan,* for defendant.

MacNEILLE, P. J., April 13, 1946.—This case is before the court on a bill in equity. Plaintiffs are seeking specific performance of an option to buy certain premises, said option being recited in a lease under which plaintiffs were formerly in possession of the premises in question. The pertinent facts are admitted in the pleadings and no testimony of witnesses was

taken. From the admissions in the pleadings the court makes the following

*Findings of fact*

1. Defendant, Virginia M. Dektor, is the widow of Carl J. Dektor. As husband and wife they formerly held fee simple title to the premises 147 North Third Street, Philadelphia, as tenants by entireties.

2. On November 30, 1944, plaintiffs entered into a lease for the rental of the premises 147 North Third Street for a period of one year ending December 31, 1945. Said lease was executed by Harry C. Lieberman as agent and was later approved and signed by Carl J. Dektor.

3. Said lease contained a clause that lessees should have an option to purchase the premises for $5,000 at any time during the term of the lease.

4. Carl J. Dektor died July 21, 1945.

5. On September 26, 1945, plaintiffs notified Harry C. Lieberman, agent, that they desired to exercise their option to purchase the premises.

6. Defendant, Virginia M. Dektor, did not sign the lease containing the option to buy the premises nor has she ever given authority in writing to anyone else to sign the lease for her, nor has she ever adopted or ratified the lease by a written instrument.

7. Defendant, Virginia M. Dektor, has never created an option to plaintiffs by a writing signed by her or by any agent lawfully authorized by writing.

8. Defendant, Virginia M. Dektor, refused and has continued to refuse to sell the premises 147 North Third Street, Philadelphia, to plaintiffs.

*Discussion*

Plaintiffs, George Gilman and Martin Gilman, trading as the Gilman Manufacturing Company, entered into a yearly lease on November 30, 1944, for the

premises located at 147 North Third Street, Philadelphia, said lease to expire December 31, 1945. The premises were then owned by Carl J. Dektor and Virginia M. Dektor, defendant, as tenants by entireties. The lease was originally executed by plaintiffs and one Harry C. Lieberman and was later approved and signed by Carl J. Dektor, who has since died on July 21, 1945. The lease contained a clause providing that the lessee should have the option of buying the premises any time during the term of the lease for $5,000. It was admitted by the parties that the lease is the only writing involved in the controversy. Plaintiffs remained in possession under the terms of the lease for the full year and after the death of Carl J. Dektor, the husband, but within the period of the lease, plaintiffs attempted to exercise the option against defendant. Defendant denies she is bound by the option contained in the lease as she never signed the lease, never gave authority to an agent to sign, nor ratified or adopted the option in the lease in writing.

The Act of March 21, 1772, 1 Sm. L. 389, 33 PS §1, known as the Pennsylvania Statute of Frauds, provides as follows:

"From and after the tenth day of April, one thousand seven hundred and seventy-two, all leases, estates, interests of freehold, or term of years, or any uncertain interest, of, in, or out of any messuages, manors, lands, tenements or hereditaments, made or created by livery and seisin only, or by parol, and not put in writing, and signed by the parties so making or creating the same, or their agents, thereunto lawfully authorized by writing, shall have the force and effect of leases or estates at will only, and shall not, either in law or equity, be deemed or taken to have any other or greater force or effect, any consideration for making any such parol leases or estates, or any former law or usage to the contrary, notwithstanding; except, nev-

ertheless, all leases not exceeding the term of three years from the making thereof: And moreover, that no leases, estates or interests, either of freehold or terms of years, or any uncertain interest, of, in, to or out of any messuages, manors, lands, tenements or hereditaments, shall, at any time after the said tenth day of April, one thousand seven hundred and seventy-two, be assigned, granted or surrendered, unless it be by deed or note, in writing, signed by the party so assigning, granting or surrendering the same, or their agents, thereto lawfully authorized by writing, or by act and operation of law."

An option creates a substantial interest in land: Kerr et al. v. Day, 14 Pa. 112; Strasser v. Steck, 216 Pa. 577; Barton v. Thaw, 246 Pa. 348; Phoenixville V. F. & S. E. Ry. Co.'s Appeal, 70 Pa. Superior Ct. 391. Being an interest in land the statute of frauds is applicable. Further, an estate of entireties is incapable of dissolution by one of the tenants without the consent of the other and neither spouse may alienate his or her interest in the property. See Thees et ux. v. Prudential Ins. Co., 325 Pa. 465, Madden et al. v. Gosztonyi Savings & Trust Co., 331 Pa. 476.

At the time of creation of the option here contained in the lease, defendant was co-owner with her husband as tenants by entireties. There is no allegation, admission or proof that defendant has ever herself or by an agent with written authority created any option to plaintiff in writing. Nor is there any allegation, admission or proof that defendant ever ratified or adopted in writing any option to plaintiffs. Thus under the statute of frauds and the cases decided thereunder defendant cannot be compelled by specific performance to convey the premises here under dispute. See Mott et al. v. Kaldes, Appellant, 288 Pa. 264, Moll et ux. v. Dickson, Appellant, 129 Pa. Superior Ct. 383, Lauffer v. Vial, Appellant, 153 Pa. Superior Ct. 342.

*Conclusions of law*

1. Plaintiffs are not entitled to specific performance of the option to buy the premises as the action is barred by the statute of frauds.

2. Plaintiffs are not entitled to any equitable relief in this proceeding.

3. Costs of this proceeding to be on plaintiffs.

*Decree nisi*

And now, to wit, April 13, 1946, it is ordered, adjudged and decreed that plaintiffs' bill is dismissed with costs to be paid by plaintiffs.